WILLIAM D. McRAE, *Plaintiff in Error,* v. MATTIE F. PRESTON, *Defendant in Error.*

APPELLATE PRACTICE — RULES OF COURT BINDING ON THE COURTS.

Rule 4 of the Supreme Court Rules, limiting the time to ten days after the return day of writs of error within which motions to strike the record or any part thereof can be made, is, like other rules, as binding upon the court as it is upon parties litigant; and when such a motion is made after the lapse of such limited time the court cannot entertain or consider it.

This case was decided by the court *En Banc*.

Writ of Error to the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*Thomas Palmer,* for motion;

*E. Tucker, Sr.,* and *Trammell & Edwards, contra.*

PER CURIAM.—This cause came on for hearing upon a motion on behalf of the defendant in error to strike the bill of exceptions from the transcript of record. Rule 4 of the rules of this court provides that all motions on behalf of a defendant in error to strike the record or any portion thereof must be prepared and a copy thereof served upon the opposite party or his attorney within ten days after the return day of the writ of error or appeal, and that no such motion shall be made or entertained at any other time. The motion here made was prepared, and a copy thereof served on opposing counsel after the lapse of the time limited by said rule for such motions, and, governed by such rule, the court cannot, therefore, entertain the motion as made. Said motion is, therefore, hereby stricken from the docket, but without prejudice to the right of the court at the final hearing of the cause to decline to consider the bill of exceptions therein, if, upon consideration, it be then found that such bill was signed and certified by the trial judge at a time when he had no authority to so certify same. It is further ordered that the defendant in error be allowed twenty days from the 15th day of July, 1907, within which to file his briefs in said cause.

All concur.